# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY STEELE (#R08777), | )<br>) |
| Petitioner, | )<br>) Case No. 15 C 11262 |
| v. | )<br>) |
| KIMBERLY BUTLER, Warden, Menard Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

On December 9, 2015, pro se Petitioner Larry Steele filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Steele's habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). The Court dismisses this action in its entirety.

## BACKGROUND

Steele does not present clear and convincing evidence challenging the statement of facts in the last state court decisions addressing his arguments on the merits, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Caffey v. Butler,* 802 F.3d 884, 887 (7th Cir. 2015). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court in *People v. Steele,* No. 1-07-2489 (1st Dist. Sept. 30, 2009) (unpublished), and *People v. Steele*, No. 1-11-3451 (1st Dist. June 3, 2013) (unpublished).

At Steele's 2007 jury trial, the evidence established that on October 6, 2004, Steele encountered the victim Andre Dunlap, a rival gang member, walking down 6900 South Green Street in Chicago, Illinois. After Steele began calling Dunlap names, a fistfight ensued. Numerous eyewitnesses testified that Steele's brother then handed Steele a gun, and Steele chased Dunlap down Green Street shooting at him numerous times before Dunlap disappeared down a side street. Chicago Police Detective Tom Vovos also testified at Steele's trial stating that police arrested Steele on the afternoon of the shooting and that Steele admitted that he shot Dunlap four or five times. Evidence at trial also showed that Dunlap died of blood loss due to a gunshot wound and that the shell casings found at the scene of the shooting came from the same gun.

A jury found Steele guilty of first degree murder with the use of a firearm and the Circuit Court of Cook County judge sentenced him to a total of 80 years in prison. On September 30, 2009, the Illinois Appellate Court affirmed Steele's conviction and sentence. On January 27, 2010, the Supreme Court of Illinois denied Steele's direct appeal petition for leave to appeal ("PLA"). Steele did not file a writ of certiorari in the United States Supreme Court. Further, Steele contends that his counsel did not inform him that the Supreme Court of Illinois denied his direct appeal PLA until March 9, 2011.

On August 3, 2011, Steele filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et. seq.*, in the Circuit Court of Cook County. On October 11, 2011, the Circuit Court dismissed Steele's post-conviction petition as frivolous and patently without merit. On post-conviction appeal, Steele's counsel moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), asserting that Steele's claims were without

arguable merit. On June 3, 2013, the Illinois Appellate Court granted counsel's motion to withdraw and affirmed the dismissal of Steele's post-conviction petition. Steele did not file a post-conviction PLA with the Supreme Court of Illinois.

On November 23, 2013, Steele filed a pro se motion for leave to file a successive post-conviction petition. The Circuit Court denied Steele's motion and the Illinois Appellate Court affirmed. On November 25, 2015, the Supreme Court of Illinois denied Steele's PLA in relation to his motion for leave to file a successive post-conviction petition.

Steele filed the present pro se petition for a writ of habeas corpus on December 9, 2015 under the mailbox rule. *See Taylor v. Brown,* 787 F.3d 851, 859 (7th Cir. 2015). Construing his pro se habeas petition liberally, *see Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015), Steele brings the following claims: (1) he was denied a constitutionally fair trial; and (2) his trial counsel was constitutionally ineffective.

## LEGAL STANDARD

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015). The one year period runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D)).

## ANALYSIS

**I.      Finality of Judgment**

As a starting point, the Court turns to the date upon which Steele's judgment became final under 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, ___ U.S. ___ 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012) (conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review"). The Illinois Appellate Court affirmed Steele's conviction and sentence on September 30, 2009 and the Supreme Court of Illinois denied his direct appeal PLA on January 27, 2010. Steele's conviction became final when the time for him to file a petition for a writ of certiorari expired – 90 days after the denial of his PLA or April 27, 2010. *See Gladney,* 799 F.3d at 894. As such, Steele had one year from April 27, 2010 to timely file his habeas petition.

Pursuant to § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed post-conviction petition. *See id.*; *Socha v. Boughton,* 763 F.3d 674, 682 (7th Cir. 2014). Steele filed his first post-conviction petition on August 3, 2011 – more than three months after the deadline to file his habeas petition. *See DeJesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant."). Assuming that Steele's counsel did not inform him of the denial of his direct appeal PLA until March 9, 2011, Steele's habeas claim remains untimely because his unsuccessful motion for leave to file a successive post-conviction petition did not toll the time

4

between June 3, 2013 – the date the Illinois Appellate Court affirmed the dismissal of his first post-conviction petition – and the Supreme Court of Illinois' denial of his PLA concerning his motion for leave to file a successive post-conviction petition on November 25, 2014. *See Martinez v. Jones,* 556 F.3d 637, 638-39 (7th Cir. 2009) (per curiam) ("where state law requires pre-filing authorization – such as an application for permission to file a successive petition – simply taking steps to fulfill this requirement does not toll the statute of limitations" because "the second petition tolls the limitations period only if the state court grants permission to file it."). Therefore, absent equitable or statutory tolling, Steele's habeas petition is untimely.

## II.     Equitable Tolling

Although the one-year limitations period is subject to equitable tolling, federal courts will only apply equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010); *see also McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019 (2013). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented timely filing. *See Gladney,* 799 F.3d at 894-95. "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Construing his pro se filings liberally, Steele argues that his habeas petition is untimely due to attorney error, namely, that his lawyer did not tell him that the Supreme Court of Illinois denied his direct appeal PLA until March 9, 2011. As discussed above, even if the Court tolled the time period between the denial of his PLA on January 27, 2010 until the time that his counsel

5

informed him of the denial on March 9, 2011, Steele's habeas petition remains untimely. This untimeliness is due to the fact that his motion for leave to file a successive post-conviction petition did not toll the time period between the date the Illinois Appellate Court affirmed the dismissal of his post-conviction petition on June 3, 2013 and November 25, 2015 when the Supreme Court of Illinois denied the PLA in relation to his motion for leave to file a successive post-conviction petition. *See Martinez,* 556 F.3d at 638-39; *Williams v. Pfister,* 125 F. Supp. 3d 846, 847 (N.D. Ill. 2015). In other words, the two-and-a-half year period between June 2013 and November 2015 was not tolled. *See Martinez,* 446 F.3d at 638-39 ("second petition tolls the limitations period only if the state court grants permission to file it").

Next, Steele contends that he had pre-trial discussions with his trial counsel about his mental deficiencies and that he had a problem understanding the judicial process. Steele also argues that his trial counsel should have argued an affirmative defense based on his mental deficiencies. In any event, based on his mental deficiencies, Steele asserts that trial counsel's failure to investigate and move for a competency hearing amounts to "extraordinary circumstances" for equitable tolling purposes. Although mental incompetence may satisfy the standard for the equitable tolling of the federal limitations period, *see Davis v. Humphreys,* 747 F.3d 497 (7th Cir. 2014), Steele's argument concerns his ability to understand the judicial process at his 2007 jury trial. Since then, the record reflects that Steele has actively represented himself in his post-conviction state court proceedings where he made the sophisticated argument that counsel's failure to inform him of the Supreme Court of Illinois' denial of his direct appeal PLA amounted to culpable negligence. *See* 725 ILCS 5/122-1(c). Indeed, the Circuit Court judge considered the merits of Steele's pro se post-conviction petition despite any timeliness

6

issues. Further, Steele has filed a detailed habeas petition and comprehensive legal memoranda in support of his habeas petition. *See Obriecht,* 727 F.3d at 750. Based on the state court record and Steele's filings in this matter, he has not shown that his mental disability impaired his ability to comply with the statute of limitations in relation to his habeas petition. *See, e.g., Garrett v. Gaetz,* No. 11 C 7301, 2015 WL 303400, at *4 (N.D. Ill. Jan. 20, 2015).

Indeed, nothing in the record indicates that extraordinary circumstances prevented Steele from complying with the one-year limitations period that would trigger the doctrine of equitable tolling. *See Holland,* 130 S.Ct. at 2560. The Court thus turns to the statutory tolling arguments.

## III. Statutory Tolling

### A. State-Created Impediment

Steele also contends that after his attorney notified him about the denial of his direct appeal post-conviction PLA in March 2011, his institution was on lock down, and thus he was denied access to the law library. Construed liberally, Steele seeks tolling under 28 U.S.C. § 2244(d)(1)(B) due to a state-created impediment. To clarify, § 2244(d)(1)(B) allows a petitioner to file a habeas corpus petition within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Although the Seventh Circuit has yet to decide whether the denial of access to a law library is grounds for statutory tolling under the state-created impediment tolling provision, *see Moore v. Battaglia,* 476 F.3d 504, 506-07 (7th Cir. 2007), the Court nonetheless turns to the specific facts of this matter because whether a state-created impediment prevented a petitioner from filing a habeas petition is a fact-intensive inquiry. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 n. 6, 125 S.Ct.

7

1807, 161 L.Ed.2d 669 (2005); *see, e.g., Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002).

Here, Steele claims that the state created impediment – the lock down and attendant denial of access to the law library – occurred after his counsel informed him that the Supreme Court of Illinois denied his direct appeal PLA on March 9, 2011. Thereafter, Steele filed his post-conviction petition in the Circuit Court of Cook County on August 3, 2011. Due to the timing of the lock down and denial of access to the law library, namely, March 2011 to August 2011, this impediment did not prevent Steele from filing the present habeas petition, but instead impeded the filing of his first post-conviction petition in the Illinois courts. Steele does not provide any further details regarding the lock down and his access to the law library, and thus under the circumstances, § 2244(d)(1)(B) tolling does not apply. *See Watkins v. Hammers,* No. 14 C 1346, 2015 WL 5675605, at *5 (N.D. Ill. Sept. 24, 2015).[1] Even if Steele had established that he was denied access to the law library based on the state-created impediment provision and the Court tolled this five month time period, any such tolling would not make Steele's habeas petition timely due to the untolled period between June 2013 and November 2015 while his motion for leave to file a successive post-conviction petition was pending in the Illinois courts. *See Martinez,* 446 F.3d at 638-39.

B.     **Newly-Discovered Factual Predicate**

Viewing Steele's pro se filings liberally, he also argues that he was not aware of the factual predicate of his ineffective assistance of counsel claim in relation to his competency to

---

[1] In general, lack of access to the law library does not amount to an "extraordinary circumstance" for equitable tolling principles. *See Taylor v. Michael,* 724 F.3d 806, 811-12 (7th Cir. 2013); *see also Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) ("we have held that a prisoner's limited access to the prison law library is not grounds for equitable tolling").

stand trial until he filed his post-conviction petitions in the Illinois courts. "Under § 2244(d)(1)(D), a petitioner has an additional year to file any claim starting from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Gladney,* 799 F.3d at 894. A petitioner's "subjective knowledge of the important facts starts the limitations clock, but the clock also starts at the time a reasonable person would have discovered those facts." *Villanueva v. Anglin,* 719 F.3d 769, 774 (7th Cir. 2013).

In support of his argument, Steele attaches Social Security Administration statements regarding Supplemental Security Disability Income that he received as a child starting in 1993. He also states in his legal memoranda that these printouts were submitted with his November 2013 motion for leave to file a successive post-conviction petition to support his claim that the trial court failed to conduct a competency hearing. Under the circumstances, Steele was aware that he received disability income by no later than November 2013, the date he submitted the reports with his state court motion for leave, which was over two years before he filed the present habeas petition. Accordingly, this statutory tolling provision does not save the day.

The remainder of Steele's arguments in his legal memoranda pertain to procedural default, which concerns the exhaustion of his habeas claims and not the timeliness of his petition for a writ of habeas corpus. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Carter v. Douma,* 796 F.3d 726, 734 (7th Cir. 2015). As such, the Court need not address these arguments. The Court therefore grants Respondent's motion to dismiss Steele's habeas petition as untimely.

**IV.     Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Steele a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present order. *See Gonzalez*, 132 S.Ct. at 649 n.5.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Sanchez Rengifo v. Caraway*, 798 F.3d 532, 535 (7th Cir. 2015). Moreover, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Flores-Ramirez v. Foster,* 811 F.3d 861, 865 (7th Cir. 2016) (per curiam). Under this standard, Steele must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also West v. Schneiter,* 485 F.3d 393, 395 (7th Cir. 2007) ("questions of statutory interpretation, such as whether the petition was timely, do not qualify for

10

a certificate, because they do not concern the Constitution"). Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Steele's habeas petition as untimely under 28 U.S.C. § 2244(d)(1) and dismisses this action in its entirety. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** April 27, 2016

**ENTERED**

*/s/ Amy J. St. E.*
**AMY J. STUEVE**
**United States District Court Judge**